### STATE, Plaintiff, v. WESTLAKE, Defendant.

Common Pleas Court, Licking County.

No. 9150. Decided April 27, 1957.

Forrest B. Ashcraft, Pros. Atty., on behalf of plaintiff.
James A. Westlake, represented himself.

## OPINION

By HOLTSBERRY, J.

Defendant having been found guilty by a jury in the Common Pleas Court of Licking County, Ohio, of assault with intent to rob, was sentenced on May 15, 1956, to the Ohio Penitentiary for an indeterminate sentence as provided by law. Motion for new trial was overruled. Upon appeal to the Court of Appeals of the Fifth District said conviction and sentence was affirmed. Among other questions before the trial court on the motion for a new trial and the appeal before the appellate court was the weight of the evidence. Defendant was taken to the Ohio Penitentiary to serve his sentence on May 15, 1956, during a prior term of this court, and is still there.

On April 18, 1957, defendant, in his own behalf, filed a motion in this Court for modification in that the Court now modify the sentence to one for plain assault. He filed a brief and certain exhibits. The Prosecuting Attorney has also filed a brief herein. Defendant was represented by legal counsel at all stages of his trial and appellate proceedings. The said James A. Westlake who refers to himself as petitioner in his brief will be herein referred to as defendant.

Two questions are posed to this Court. One, does the trial court have jurisdiction or power to modify the sentence under the facts herein if the court should in the exercise of its discretion desire to do so. And two, is such reduction in sentence as requested, justified?

As a general rule, the power of a court over a valid sentence pronounced by it ceases at the end of the term, except for purposes of enforcement. Unless the judgment rendered at a previous term was void, the court expressly carried disposition of the case over to a subsequent term, or power is expressly conferred by constitution or statute, a court has no power, at a subsequent term, to vacate its previous judgment. 15 American Jurisprudence, page 129 (Criminal Law).

At common law a sentence could be revised during the term at which it was imposed if it remained unexecuted, but not thereafter. Fine v. Com., 312 Mass., 252; 44 Northeastern Second, 659; 145 A. L. R., 392.

Some courts have said that an attempt of a trial court to reduce sentence after term after it goes into execution is an infringement upon the exclusive power of the executive to commute sentence. People v. Fox, 312 Michigan, 577; 20 Northwestern, Second, 732; 168 A. L. R., 703.

It is well established that a trial court has discretionary power, under certain circumstances to revise, modify or vacate a judgment in

a criminal case, at the term at which judgment and sentence were entered. But after term at which judgment entered and where sentence has gone into operation, a Court of Common Pleas has no authority or power to modify a sentence unless such is authorized by the statute. **16 O. Jur., Second, page 103 (Criminal Law).**

In **State v. Yontz.** 87 Oh Ap 526, the court held that where judgment had been entered in a criminal case, the court was without jurisdiction to thereafter again pronounce sentence and judgment until the first order is vacated or set aside. Therefore, before a court could modify a sentence imposed previously, it must set that sentence aside and grant a new trial.

**Sec. 2945.79 R. C.,** sets forth the grounds for a new trial and the time thereof in §2945.80 **R. C.** Motions for new trial on account of newly discovered evidence shall be filed within 120 days following the day upon which the verdict was rendered. The motion filed herein would not have merit under the theory of newly discovered evidence because such would have to be material newly discovered evidence which he could not with reasonable diligence have discovered and produced at the trial. Defendant was not unavoidably prevented from doing so because a consideration of the record and the motion and affidavits herein show there is no newly discovered evidence which would have affected the outcome of the trial, or which was not known to defendant, or could not have been discovered with reasonable diligence. Further, it has been held that a Common Pleas Court does not have jurisdiction after conviction in a criminal case to entertain a motion for new trial filed at a subsequent term upon grounds of newly discovered evidence. In **Weaver v. State, 120 Oh St 44,** the Supreme Court said: "If it should develop that a person is wrongfully convicted, he is not without remedy, for the executive department of the government upon proper showing, has full power to grant a pardon, parole, commutation of sentence or such executive clemency as is authorized by law, and justified by the facts in the case."

The filing of the motion herein is not such step in a criminal proceeding as to prohibit a court from entertaining and determining such without requiring the production of the prisoner at a hearing. In any event, there are no material and substantial issues of fact requiring a hearing herein, as the motion and briefs together with the records and files of the case, considered in view of the law in such instances, conclusively show defendant is not entitled to the relief he asks for.

This Court is of the opinion that under the law it has no power or jurisdiction to entertain the motion filed herein for the reasons stated. Therefore, this Court would need go no further. However. since defendant in his brief urges this Court to exercise its discretion and cites certain claimed authorities, the Court will briefly refer thereto. If other courts have changed sentences as defendant contends, by referring to unreported cases, then I would be of the opinion that such courts certainly followed no patterned or logical reasoning process with respect to the law in arriving at such decisions.

Defendant now wants to admit plain assault, which in effect means he was guilty of doing the acts the State relied upon for conviction,

except the element of intent to rob. The jury found such intent beyond a reasonable doubt, the trial court overruled the motion for a new trial, and the appellate court affirmed.

It is well established law in Ohio that—

"The intent of an accused person dwells in his mind. Not being ascertainable by the exercise of any or all of the senses, it can never be proved by the direct testimony of a third person and it need not be. It must be gathered from the surrounding facts and circumstances under proper instruction from the court."

If defendant had the intent in his mind of things other than to rob, he had the opportunity to take the witness stand and tell the jury what was dwelling in his mind. He did not choose so to do. Defendant admits in his brief that he was in prison before, and cites this as his reason for not taking the witness stand in his own defense.

Assuming for the sake of answering defendant's request, but not holding that this Court has discretion as he claims, and that it should be exercised in his favor, this Court would refuse to reduce the crime to plain assault, and said motion would still be overruled.