[Crim. Nos. 28852, 29023. Second Dist., Div. Five. Aug. 8, 1977.]

THE PEOPLE, Plaintiff and Appellant, v.
LAVERNE CALHOUN, Defendant and Appellant.

**COUNSEL**

John K. Van de Kamp, District Attorney, Harry B. Sondheim and Arnold
T. Guminski, Deputy District Attorneys, for Plaintiff and Appellant.

Wilber F. Littlefield, Public Defender, Harold E. Shabo, Jon Chambers and Leighton A. Nugent, Deputy Public Defenders, for Defendant and Appellant.

## OPINION

**STEPHENS, J.**—The People appeal from a judgment resentencing defendant to the California Institution for Women but retaining jurisdiction under section 1168 of the Penal Code to recall the sentence and grant probation. (2d Crim. No. 28852.) Defendant appeals from a subsequent order rescinding the latter portion of the prior sentence. (2d Crim. No. 29023.) The primary question facing us in these appeals is the scope of the trial court's power under section 1168 of the Penal Code to recall and modify a sentence. We affirm the order striking out 1168 jurisdiction, rendering the People's appeal from the earlier judgment moot.

The factual prologue to the instant rulings is undisputed. Defendant was convicted of second degree murder (Pen. Code, § 187) and assault with a deadly weapon (Pen. Code, § 245, subd. (a)) and as to both counts was found to have used a firearm. After referral for a presentence diagnostic study under section 1203.03, she was sentenced to the California Institution for Women on October 2, 1975. The court requested further diagnostic study under section 1168 so that it might consider whether to recall the sentence and grant probation. The second diagnostic study, unlike the first, recommended probation. Consequently, the court held a limited hearing on the matter and recalled defendant's commitment. On March 19, 1976, a hearing was held to determine defendant's suitability for probation. At the conclusion of the hearing the court resentenced defendant to state prison, again invoking the provisions of section 1168 so that it might further consider defendant's suitability for probation. Two months later the People interposed their appeal and immediately thereafter moved to annul that portion of the sentence retaining 1168 jurisdiction. On June 22, 1976, the court heard the People's motion and, agreeing that it had acted in excess of its jurisdiction, struck the offending language from the March 19 sentence. Defendant's appeal followed.

### Discussion

At common law a trial court could revise any sentence during the term at which it was imposed as long as the sentence remained unexecuted.

(See, e.g., *State* v. *Westlake* 76 Ohio L.Abs. 102 [145 N.E.2d 501, 502]. See generally, 21 Am.Jur.2d, Criminal Law, §§ 569, 571, pp. 537, 538-539; Wharton, Criminal Procedure (12th ed. 1976) § 611, p. 221.) ▓ But the general rule in California, as in many other states, is that the trial court loses jurisdiction to reconsider a denial of probation once it has relinquished control of the defendant and execution of sentence has begun. (*Holder* v. *Superior Court*, 1 Cal.3d 779, 783 [83 Cal.Rptr. 353, 463 P.2d 705]; *In re Black*, 66 Cal.2d 881, 888 [59 Cal.Rptr. 429, 428 P.2d 293].) Section 1168 of the Penal Code creates a specific exception to this rule by authorizing the court to recall a sentence and commitment previously ordered within 120 days of the date of commitment "if it is deemed warranted by the diagnostic study and recommendations approved pursuant to section 5079 [of the Penal Code] . . . ." The court may then resentence the defendant "in the same manner as if he had not previously been sentenced."[1]

The 120-day limitation upon the exercise of the recall power was added to section 1168 in 1969. (Stats. 1969, ch. 990, § 1.) ▓ It is defendant's contention that section 1168 permits successive invocations of the recall and sentencing power and that under the peculiar circumstances of the instant case the trial court's retention of 1168 jurisdiction was effectual. Such a proffered construction ignores the statutory language and would subvert the clear legislative purpose. The obvious danger posed by the perpetuation of a court's jurisdiction to recall a sentence long after it has been executed is that it works an infringement upon the power of the executive branch, under the auspices of the Department of Corrections, to fix sentences and grant parole. (See *Holder* v. *Superior Court, supra*, at p. 781; see also *United States* v. *Stollings* (4th Cir. 1975) 516 F.2d 1287, 1289 (interpreting rule 35 of the Fed. Rules Crim. Proc.).) True, section 1168 affords the trial court a chance to remedy an initial sentence erroneously imposed by granting probation (*Holder* v. *Superior Court, supra*, at p. 782), but the clear import of the language is that the remedy can only be invoked within 120 days of the original commitment.

Obviously, the trial court felt it was faced with a perplexing decision in ascertaining whether or not defendant was a suitable subject for probation. After receiving a second diagnostic report on defendant, the court recalled the initial commitment and held a full hearing on the matter. Still ambivalent about the case, the court resentenced defendant,

---

[1]The new determinate sentencing law (Pen. Code, § 1170 et seq., Stats. 1976, ch. 1139) now contains a similar resentencing provision. (Pen. Code, § 1170, subd. (c).)

again invoking sentence 1168 to ascertain "what the defendant's conduct is up there when she's returned under this sentence." Recognizing later that it had exceeded its authority in again invoking section 1168, the court properly voided the offending language in its new sentence.[2]

Defendant also argues that because the People failed to contest the offensive ruling at the March 19 hearing they are now estopped from raising its legality on appeal. However, the court was empowered to and did correct a sentence which was in excess of its jurisdiction.

The judgment (order rescinding retention of jurisdiction) is affirmed. The People's appeal is dismissed as moot.

Kaus, P. J., and Hastings, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied October 6, 1977.

---

[2]The People's appeal (filed first) did not restrain the trial court from correcting a sentence void on its face. (*People* v. *Massengale*, 10 Cal.App.3d 689, 693 [89 Cal.Rptr. 237].) Though there may be some question as to whether the sentence here was "void on its face"—as distinguished from merely being "voidable"—the result we reach precludes the necessity of jousting with what is now but a legal windmill.