[Crim. No. 15086. Fourth Dist., Div. One. Apr. 11, 1983.]

THE PEOPLE, Plaintiff and Respondent, v.
JOSEPH CLINTON EVANS et al., Defendants and Appellants.

**COUNSEL**

Frank L. Croteau and Alan D. Lyons, under appointments by the Court of Appeal, for Defendants and Appellants.

George Deukmejian, Attorney General, Daniel J. Kremer, Chief Assistant Attorney General, A. Wells Petersen, Jay M. Bloom and Rudolf Corona, Jr., Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**BROWN (Gerald), P. J.**—Joseph Evans and Fausto Soto Garay appeal the judgments entered following their guilty pleas to false imprisonment (Pen. Code, §§ 236, 237) and being armed with a firearm while committing a felony (Pen. Code, § 12022, subd. (a)). Both defendants contend the superior court erred in sentencing them to prison for the upper term.

Evans was charged with several counts of kidnaping, conspiracy to commit kidnaping, false imprisonment and use of a firearm while committing a felony. Garay was charged with conspiracy to commit kidnaping, several counts of false imprisonment and use of a firearm while committing a felony. Both pleaded guilty to one count of false imprisonment while armed with a firearm in return for the People dropping the other charges. Both defendants received the upper term of three years plus one year enhancement for using a firearm.

*Evans' Appeal*

◼ Evans contends the superior court considered improper material when imposing sentence. He claims the court should not have considered the file in a codefendant's case, the evidence presented at the preliminary hearing and his own probation report. He objects to his probation report on the grounds it was filed only five days before sentencing rather than the nine days required by statute (Pen. Code, § 1203, subd. (b)) and contains conjecture by the probation officer as to the facts of the offense.

Evans' contention is not properly before us. The proper procedure for challenging the contents of a probation report is by way of a statement in mitigation filed with the court (Pen. Code, § 1170, subd. (b)). Evans filed no such statement. Furthermore, any objection to the contents of a probation report or other material relied on by the sentencing court must be made in the superior court or is waived (*People* v. *Wagoner* (1979) 89 Cal.App.3d 605, 616 [152 Cal.Rptr. 639]; *People* v. *Medina* (1978) 78 Cal.App.3d 1000, 1007 [144 Cal.Rptr. 581].) Evans made no objection at sentencing when the court made a record of the material it had considered. Evans expressly waived his right to have the probation report filed at least nine days before sentencing.

Moreover, the superior court committed no error. A sentencing court may consider material which would have been inadmissible on the issue of defendant's guilt (*People* v. *Peterson* (1973) 9 Cal.3d 717, 725-728 [108 Cal.Rptr. 835, 511 P.2d 1187]; *People* v. *Hubbell* (1980) 108 Cal.App.3d 253, 256 [166 Cal.Rptr. 466]. The court may not consider material which it has no reason to believe is reliable, but here the court considered only court files and probation reports which are inherently reliable and which the court is required to consider

(Pen. Code § 1203, subd. (b); *People* v. *Arbuckle* (1978) 22 Cal.3d 749, 755 [150 Cal.Rptr. 778, 587 P.2d 220, 3 A.L.R.4th 1171]). Consideration of the codefendant's file was proper as it contained facts pertinent to Evans' role in the crime, a factor the court needed to consider in evaluating the mitigating and aggravating factors. (See Cal. Rules of Court, rules 421, 423.) Only proper material was considered at sentencing.

*Garay's Appeal*

 Garay meritlessly contends the superior court erred in finding the aggravating circumstances outweigh the mitigating circumstances. All the mitigating factors Garay presents on appeal were presented in his statement of mitigation or orally at sentencing. The superior court expressly considered all those factors; it was not necessary for the court to discuss each of the factors independently (*People* v. *Davis* (1980) 103 Cal.App.3d 270, 281 [163 Cal.Rptr. 22]). The factor upon which Garay relies most heavily, his minor role in the crime, was conceded by the prosecution and the court. The court specified the aggravating factors, stressing Garay's record, which includes drug, theft, firearm and murder convictions. The presence of other aggravating factors was supported by the probation report. A sentencing court has wide discretion in weighing the aggravating and mitigating factors (*People* v. *Giminez* (1975) 14 Cal.3d 68, 72 [120 Cal.Rptr. 577, 534 P.2d 65]; *People* v. *Covino* (1980) 100 Cal.App.3d 660, 670-671 [161 Cal.Rptr. 155]). There was no abuse of that discretion here, as the record amply supports a finding the superior court considered all relevant factors and made a reasonable decision as to their relative weight.

The judgments are affirmed.

Cologne, J., and Staniforth, J., concurred.