Filed 5/20/14  P. v. Turney CA5

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>ALLEN ROSS TURNEY,<br><br>    Defendant and Appellant. | F066962<br><br>(Super. Ct. No. BF144015A)<br><br>**OPINION** |

-ooOoo-

## THE COURT\*

APPEAL from a judgment of the Superior Court of Kern County.  Michael B. Lewis, Judge.

Rex A. Williams, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Lewis A. Martinez and Louis M. Vasquez, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

\*        Before Cornell, Acting P.J., Detjen, J. and Franson, J.

Defendant Allen Ross Turney pled no contest to a felony charge that arose from his assault on his girlfriend. He admitted a prior conviction, contingent upon proof that it constituted a strike under Penal Code section 667, subdivision (e).[1] Part of the Three Strikes law, section 667(e) provides for doubling of the sentence when the defendant has one prior serious and/or violent felony conviction ("strike" or "strike conviction").[2] On appeal, defendant contends his doubled sentence was unlawful because he did not admit, the prosecution did not prove, and the trial court did not find that his prior conviction was a strike. We disagree and will affirm.

## BACKGROUND

On September 17, 2012, the Kern County District Attorney charged defendant with willful infliction of corporal injury resulting in a traumatic condition (§ 273.5, subd. (a); count 1) and unlawful use of force or violence upon a person resulting in serious bodily injury (§ 243, subd. (d); count 2). The charges included various allegations, but no allegations pursuant to section 667(e).

On November 29, 2012, at the change of plea hearing, the following occurred:

"[THE COURT:] He—he will be admitting—does have an unalleged 1993 strike? Is that it?

"[PROSECUTOR]: Yes, your Honor. And I—

"[DEFENSE COUNSEL]: If I may, your Honor.

---

**1** All statutory references are to the Penal Code unless otherwise noted. Henceforth, we refer to section 667, subdivision (e) as section 667(e).

**2** Section 667(e) provides in relevant part: "(e) For purposes of subdivisions (b) to (i), inclusive, and in addition to any other enhancement or punishment provisions which may apply, the following shall apply where a defendant has one or more prior serious and/or violent felony convictions: [¶] (1) If a defendant has one prior serious and/or violent felony conviction … that has been pled and proved, the determinate term or minimum term for an indeterminate term shall be twice the term otherwise provided as punishment for the current felony conviction."

2.

"THE COURT:  Certainly.

"[DEFENSE COUNSEL]:  I believe that it's a [section] 243[, subdivision ](a)(1).  I believe it would have been alleged and what I intend to do prior to sentencing is pull the file, see how it was pled.

"[PROSECUTOR]:  It's [section] 245[, subdivision ](a)(1).[3]

"[DEFENSE COUNSEL]:  [Section] 245(a)(1).

"THE COURT:  Okay.  And then that will be for a four-year lid, low term times two depending on the validity of the unalleged strike, and we'll show that the People's motion to amend to allege a [section] 667(e) violation on or about July 20th, 1993, for a [section] 245(a)(1) [prior conviction].

"And that is as a—no more than four years in the Department of Corrections as a lid with the defense and People to review the validity of that being a strike.  [¶]  [Defense counsel], is that your understanding?

"[DEFENSE COUNSEL]:  It is in part, your Honor.  [¶]  The other thing I wanted to put on the record is that I intend to file a sentencing statement and written Romero motion[4] in this matter.  So it's a lid both with respect to the validity of the strike and also make a pitch at sentencing.

"[PROSECUTOR]:  And if I may, your Honor.

"THE COURT:  Miss [Prosecutor].

"[PROSECUTOR]:  The strike is alleged just [as] a prison prior, it's actually October 27th, 1993, is the conviction date.  And it is in the complaint right after Count 2 the prior just alleges only as prison prior not a strike.  [¶]  And in addition to that, the People intend to file an objection to the defense Romero and sentencing statement just so the record is clear.

"THE COURT:  Okay.  There's no agreement as to anything other than it is no more than the low term times two depending on the validity of

---

**3**    Henceforth, we refer to section 245 subdivision (a)(1) as section 245(a)(1).

**4**    A "*Romero* motion" is a motion to dismiss a prior strike conviction in the interest of justice under section 1385.  (*People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497.)

the strike that is now the October 27th, 1993, allegation. [¶] … [¶] Then, … we'll grant[] People's motion to allege a [section] 667(e) allegation."

The court then addressed defendant regarding his plea form:

"THE COURT:  I'll accept your no contest plea, make a finding of guilt as to that charge.  [¶]  [Defendant], it is further alleged that you have one prior strike, the 1993 [section] 245(a)(1).  [¶]  Do you admit that you have that strike?

"[DEFENSE COUNSEL]:  Your Honor, if I may.

"THE COURT:  Sure.

"[DEFENSE COUNSEL]:  Can he admit conditioned upon the validity of?  I don't know if the 1993 [section] 243[*sic*](a)(1) could or could not be.

"THE COURT:  Do you admit you have the conviction listed as October 27, 1993, alleged as [section] 245(a)(1), not necessarily a strike, but you have that conviction?

"THE DEFENDANT:  [Section] 245(a), yes, your Honor.

"THE COURT:  Thank you.  I'll accept the admission."

On defendant's plea form, he stated that he admitted the following offense and prior conviction:  "PC 243(D)" and "667(e) contingent upon validity of strike  [¶] 7.20.93 SCO54944A PC 245(a)(1)," and that he agreed to the sentence of "LT [lower term] 2 x 2 for 4 y[ears] CDC as a lid."  At the end of the document, he again noted that he admitted the prior conviction "contingent upon validity."

The clerk noted in the minutes of the hearing that the complaint was amended and a section 667(e) allegation was added to count 2, that defendant pled to count 2, that the lower term of four years "DEPEND[ED] ON THE VALIDITY OF THE STRIKE," and that "*** DEFENDANT [WAS] TO ADMIT STRIKE PRIOR IF VALID ***"

At a January 29, 2013 hearing, the clerk again noted in the minutes: "RE:  DEFENDANT TO ADMIT STRIKE PRIOR IF VALID."  Defendant stated that he wished to withdraw his plea and the court granted a continuance for that reason.

4.

At a February 13, 2013 hearing, the clerk noted in the minutes: "RE: STRIKE PRIOR." The trial court conducted an in camera *Marsden*[5] hearing to relieve counsel and thereafter denied the motion.

At another hearing later that day, the clerk noted in the minutes: "RE: STRIKE PRIOR" and "STATUS: DEFENDANT TO ADMIT STRIKE PRIOR IF VALID." The court again granted a continuance to allow defendant to research whether there was a legal basis for his motion to withdraw the plea.

At the March 13, 2013 sentencing hearing, the probation report was entered into evidence and considered by the court. The probation report noted that the original charges had been amended to include count 2, a violation of section 243, subdivision (d), "w/PC 667(e) (Amended)" The conditions of defendant's plea were noted as follows: "The defendant to serve no more than four years in prison; Count One dismissed; remaining allegations stricken."

The lengthy list of defendant's criminal history included a crime committed on July 20, 1993 described as follows: "PC 245(a)(1) (def attacked fthr-in-law w/a util knife; fthr-in-law reqrd 18 stitches on arm and 8 stitches on finger)" for which defendant was committed to prison for two years. The felony crimes defendant subsequently committed in February 1998, November 2001, and October 2006 each included an allegation pursuant to section 667(e).

In analyzing the sentencing options, the probation officer stated: "The defendant qualifies for punishment in California Department of Corrections and Rehabilitation based on the current offense and a prior conviction for a serious or violent offense." Regarding probation eligibility, the probation officer stated: "The defendant is statutorily ineligible for a grant of felony probation pursuant to Penal Code Section 667(c)(2), in that he has a strike prior."

---

[5] *People v. Marsden* (1970) 2 Cal.3d 118.

The probation officer recommended that probation be denied and defendant be sentenced on "Count Two: PC 243(d) w/PC 667(e)" [¶] "for the low term of four years" pursuant to a negotiated plea.

Defense counsel informed the court he wanted to present information in mitigation, stating: "In particular, I've had an investigator go out and talk to the victim in the 1993 strike case, which is the admitted 667(e) allegation…. He signed a declaration. I'd like to present that to the court as well as my investigator's report." Defense counsel submitted to the court a letter dated January 25, 2013, from defense counsel's investigator (the Public Defender's investigator) to defense counsel, explaining that the investigator interviewed defendant's former father-in-law, the victim of defendant's 1993 assault. The father-in-law remembered the assault and showed the investigator the resulting scar on his right arm. The investigator explained to the father-in-law that defendant had "a current case that could be greatly effected [*sic*] by the fact that they could use the prior case as a strike against him in his current case." The father-in-law believed defendant had served his time for the assault. He signed a declaration stating that he was the victim in the 1993 case (#SC054944A) "wherein [defendant] was convicted of assault with a deadly weapon," and he believed "that [defendant] was convicted of this crime against [him], that he served his time for that crime, and should receive no further punishment for the wrong done against [him]."

Defense counsel argued:

> "Your Honor, I would only point out to the court that since 2006, with the exception of some misdemeanor conduct, [defendant] has been relatively crime free. The strike is from 1993. Nearly 20 years old. [¶] For those reasons, I'd request that the Court exercise its discretion under People v. Romero. [¶] I'd also ask the Court [to] entertain a request for felony probation. I think in this particular matter, given the desires of the complaining witness [in the present case], given the desires of the victim … in the strike case, [defendant] would benefit from a grant of felony probation[;] it would force him to address the underlying issues …."

6.

The prosecutor responded by describing defendant's recent history, then stating:

"So I'd ask the Court to impose the four years and deny a Romero [motion] and deny—I don't think probation is appropriate in this case. And also considering the 1993 offense was a GBI [great bodily injury], he assaulted the person, the person received stitches. So I don't think he is a proper candidate for []either a Romero or probation."

The court ruled as follows:

"Counsel, first addressing the Romero motion, the nature of the current offense in the abstract is more serious than many other felonies in that in this particular case, the victim, even though she was accidentally shoved, sustained a fracture to the nose…. [¶] … [¶] This case that is being asked to be reviewed is a 1993 case. It is of significant age. But as pointed out by the People, the defendant has had prison commitments in '98, violations of probation in 2001, … violation of parole in 2001, prison commitment 2002, violation of parole 2005, prison commitment 2006, violation of parole 2009, 2010, 2012. [In] 2012 the defendant has been convicted of … battery on the same victim in a relationship on two separate occasions. [¶] It appears that even after multiple opportunities to reform this particular behavior, the defendant has not. And at this point it would be inappropriate to exercise discretion to strike even a strike as old as the 1993 strike. [¶] Therefore, as to Count 2, the [section] 273[, subdivision ](d) with one [section] 667(e), probation is denied. He is sentenced to the Department of Corrections for the low term [of] four years."

The clerk noted in the minutes: "ALLEGATION … PURSUANT TO PC 667(E) AS ALLEGED IN COUNT 2 IS ADMITTED." The clerk also noted the court denied probation and sentenced defendant to four years in prison, based on doubling the sentence pursuant to section 667(e).

The abstract of judgment reflects a conviction on count 2 for a violation of section 243, subdivision (d) with a four-year sentence, noting that defendant was sentenced pursuant to section 667, subdivisions (b)-(i).

**DISCUSSION**

Defendant contends he admitted only a prior conviction for an assault under section 245(a)(1), and not a conviction for assault *committed with a deadly weapon*.[6] We disagree and conclude the record demonstrates that defendant did ultimately admit the prior strike conviction. As our excerpts from the record show, defendant admitted the prior conviction contingent upon proof that it constituted a strike. Then, defendant's own attorney provided evidence that the prior conviction was for assault with a deadly weapon. Defense counsel described the prior conviction as "the 1993 strike case, … the admitted 667(e) allegation" and provided a signed declaration by the victim, stating that defendant had been convicted of assault with a deadly weapon. Defense counsel requested that the trial court dismiss the 1993 prior strike conviction pursuant to *Romero*, an entirely pointless request unless the parties understood the prior conviction to be a strike—which they clearly did: the prosecutor argued against the motion, and the court denied it, refusing to exercise its discretion to dismiss "the 1993 strike." The probation report provided further evidence that the prior conviction was "for a serious or violent offense" and defendant had "a strike prior." (*People v. Arbuckle* (1978) 22 Cal.3d 749, 755 [diagnostic report and sentencing recommendation considered reliable]; *People v. Evans* (1983) 141 Cal.App.3d 1019, 1021 [probation reports considered reliable].)

We see ample evidence, provided by both defendant and the probation report, to prove that defendant's prior conviction was for assault with a deadly weapon and therefore qualified as a strike. Once that proof was produced, the contingency of

---

**6** Defendant's argument relies on the former version of section 245(a)(1), which included both assault committed with a deadly weapon and assault with force likely to produce great bodily injury. At that time, an admission of an assault under section 245(a)(1) was ambiguous as to which assault was being admitted—and it mattered because only the first constituted a strike offense. (See *People v. Fox* (2014) 224 Cal.App.4th 424, 435, fn. 8.) In 2011, the statute was amended to separate the two assaults into two different provisions, section 245(a)(1) and 245(a)(4).

defendant's admission dissolved. We also note that the trial court would not have entertained defendant's *Romero* motion to dismiss the prior strike conviction unless the court had (at least impliedly) already found it to be a prior strike conviction.

We conclude defendant admitted the prior strike conviction and the doubled sentence under section 667(e) was proper.

## <u>DISPOSITION</u>

The judgment is affirmed.