Filed 9/8/14  P. v. Paulton CA2/7

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE, <br><br> Plaintiff and Respondent, <br><br> v. <br><br> MORRIS EUGENE PAULTON, <br><br> Defendant and Appellant. | B249338 <br><br> (Los Angeles County <br> Super. Ct. No. BA407395) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Ray G. Jurado, Judge.  Affirmed.

Mark S. Devore, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Shawn McGahey Webb and Jonathan K. Kline, Deputy Attorneys General, for Plaintiff and Respondent.

_____

Morris Eugene Paulton appeals from a judgment entered after a jury convicted him of automobile burglary. He contends the trial court abused its discretion in denying his motion to dismiss his prior strike convictions. We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

In January 2013, a public safety officer for the University of Southern California (USC) detained Paulton after noticing him prying open the window of a car parked in a USC-owned lot. Paulton was arrested and charged in an amended information with automobile burglary (Pen. Code, § 459)[1] with special allegations he had suffered three prior serious or violent felony convictions within the meaning of the three strikes law (§§ 1170.12, subds. (a)-(d), 667, subds. (b)-(i)) and had served ten separate prison terms for felonies (§ 667.5, subd. (b)). Paulton pleaded not guilty and denied the special allegations.

A jury found Paulton guilty as charged. In a bifurcated proceeding, the trial court granted the People's motion to dismiss two of the prior prison term allegations, and Paulton admitted all the remaining prior convictions allegations.

Prior to sentencing, the trial court indicated it had read and considered the parties' sentencing memoranda, the probation officer's report and Paulton's motion to dismiss the prior strike convictions (§ 1385; *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497, 504 (*Romero*)). In support of the *Romero* motion, defense counsel argued Paulton's three prior strike convictions for robbery in 1979 (Texas), 1993 and 2000 were remote; his criminal convictions since 2000 were nonviolent theft and drug-related offenses; he had a history of chronic drug and alcohol abuse; and his current crime was possibly motivated by the presence of a bottle of alcohol in the victim's car. Counsel urged the court to dismiss the prior convictions and sentence Paulton to the lower term state prison sentence. The prosecutor argued the court should deny the *Romero* motion and sentence Paulton to the middle term doubled as a second-strike offender, in view of Paulton's

---

[1]     Statutory references are to the Penal Code.

2

lengthy history of theft-related convictions, his failure to seek treatment for his addiction, and to otherwise take responsibility for his criminal conduct.

According to the probation officer's report, Paulton was 54 years old at the time of the automobile burglary. His criminal history consisted of nine felony convictions apart from the three robberies: burglary in 1993 (Texas), burglary in 1987, forgery in 1991, burglary in 1991, attempted escape from prison in 1992, and possession of a controlled substance in 1997, 2005 and 2011 and transporting a controlled substance in 2006. Also listed are four misdemeanor convictions: burglary in 1987, attempted petty theft in 1991, driving under the influence in 1999 and making a criminal threat in 2000. At the time of the current offense, Paulton had reportedly absconded from probation.

After listening to argument by counsel, the trial court denied the *Romero* motion. The court expressly considered the nature and consequences of Paulton's current offense, noting Paulton cooperated with USC public safety officers, and there was no damage to the victim's car. The court also considered defense counsel's arguments in the context of Paulton's entire criminal history, observing while Paulton's prior strike convictions were "older" he had numerous felony convictions resulting in multiple prison commitments, which were separated by brief periods out of custody. The court concluded, given these factors, Paulton fell squarely within the spirit of the three strikes law.

The trial court sentenced Paulton to an aggregate state prison term of six years, consisting of four years (double the two-year middle term under the three strikes law) for automobile burglary[2] plus two one-year prior prison term enhancements.[3]

---

[2] Proposition 36, the Three Strikes Reform Act of 2012, amended sections 667 and 1170.12, effective November 7, 2012, to limit three strike sentences to current convictions for serious or violent felonies and a limited number of other felonies unless the People plead and prove the offender has a prior strike conviction that falls within one of several enumerated categories. Paulton was properly sentenced as a second strike offender under the amended statute because his conviction for automobile burglary is neither a serious or violent felony (see §§ 1192.7, subd. (c), 667.5, subd. (c)) nor one of the specially designated offenses in section 1192.7, subdivision (c)(2)(C)(i)-(iv).

3

## DISCUSSION

Section 1385, subdivision (a), vests the court with discretion to dismiss a prior conviction, including a qualifying strike conviction, "in furtherance of justice." (*People v. Superior Court* (*Romero*), *supra,* 13 Cal.4th at p. 530; *People v. Williams* (1998) 17 Cal.4th 148, 158.) "[I]n ruling whether to strike or vacate a prior serious and/or violent felony conviction allegation or finding under the Three Strikes law . . . or in reviewing such a ruling, the court . . . must consider whether, in light of the nature and circumstances of his present felonies and prior serious and/or violent felony convictions, and the particulars of his background, character, and prospects, the defendant may be deemed outside the [Three Strikes] scheme's spirit, in whole or in part, and hence should be treated as though he had not previously been convicted of one or more serious and/or violent felonies." (*Id.* at p. 161.)

We review the trial court's decision not to dismiss a prior strike allegation under section 1385 for abuse of discretion. (*People v. Carmony* (2004) 33 Cal.4th 367, 376.) "[T]he three strikes law not only establishes a sentencing norm, it carefully circumscribes the trial court's power to depart from this norm and requires the court to explicitly justify its decision to do so. In doing so, the law creates a strong presumption that any sentence that conforms to these sentencing norms is both rational and proper. [¶] . . . [¶] . . . '[I]t is not enough to show that reasonable people might disagree about whether to strike one or more' prior conviction allegations. . . . Because the circumstances must be 'extraordinary . . . by which a career criminal can be deemed to fall outside the spirit of the very scheme within which he squarely falls once he commits a strike as part of a long and continuous criminal record, the continuation of which the law was meant to attack' [citation], the circumstances where no reasonable people could disagree that the criminal falls outside the spirit of the three strikes scheme must be even more extraordinary." (*Id.* at p. 378.)

---

[3] The court apparently dismissed the remaining six one-year prior prison term enhancements in furtherance of justice (§ 1385).

4

We reject Paulton's claim the trial court either abused or misunderstood the scope of its discretion to dismiss his prior strike convictions, by focusing exclusively or inordinately on his criminal history in denying his *Romero* motion. The court considered Paulton's robbery convictions in conjunction with his criminal history and the nature and circumstances of his current offense. Indeed, the court stated despite the fact Paulton's prior strike convictions were relatively remote, the record established Paulton to be a recidivist with poor prospects for the future. Under such circumstances, a trial court does not abuse its discretion in refusing to dismiss one or more prior strike convictions, even where, as here, the convictions are a number of years old. (See *People v. Williams, supra,* 17 Cal.4th at pp. 162-164 [abuse of discretion to dismiss 13-year-old prior where there is little or nothing favorable in defendant's background, record, character or prospects].)

Paulton contends, however, the trial court ignored the particulars of his background, which purportedly placed him outside the primary purpose of the three strikes law. Specifically, Paulton faults the court for failing to consider, because it failed to address, his history of addiction and substance abuse and his homelessness at the time of the current offense. However, these factors were before the court through the *Romero* motion and the probation officer's report, which the court indicated it had reviewed. We presume the court considered them since the record does not affirmatively reflect otherwise; it is not necessary for the trial court to address each independently. (*People v. Evans* (1983) 141 Cal.App.3d 1019, 1022.) The court did not abuse its discretion in concluding Paulton did not fall outside the scope of the three strikes law.

## DISPOSITION

The judgment is affirmed.

WOODS, J.

**We concur:**

PERLUSS, P. J.                                    ZELON, J.

5