Filed 12/15/15  P. v. Nevarez CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>MANUEL LEON NEVAREZ,<br><br>Defendant and Appellant. | F069468<br><br>(Fresno Super. Ct. No. 13907323)<br><br>**OPINION** |

### THE COURT*

APPEAL from a judgment of the Superior Court of Fresno County.  Don Penner, Judge.

Rex A. Williams, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

* Before Poochigian, Acting P.J., Franson, J. and Peña, J.

## INTRODUCTION

Appellant Manuel Leon Nevarez pled no contest to one count of driving while under the influence and causing bodily injury (Veh. Code, § 23153, subd. (b)) and admitted personally causing great bodily injury (Pen. Code, § 12022.7, subd. (a)).[1] The plea agreement specified a three year maximum term of imprisonment. The trial court sentenced Nevarez to a total term of three years in prison. Nevarez filed an appeal and requested a certificate of probable cause, which was granted. Appellate counsel filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436. We affirm.

## FACTUAL AND PROCEDURAL SUMMARY

On July 18, 2013, Nevarez was driving his Tacoma pickup truck with a blood-alcohol level of 0.14 percent when he struck a five-year-old boy riding a bicycle, causing multiple pelvic fractures. Nevarez admitted drinking two 30-ounce beers, and one 24-ounce beer prior to driving. Nevarez's passenger stated she knew Nevarez was "drunk" and had tried to stop him from driving, but he insisted.

Witnesses at the scene reported hearing a "loud crash" and seeing Nevarez run over the boy with the right-side wheels of his truck. It appeared to multiple witnesses as though Nevarez was not planning to stop because the truck kept going after impact. One witness jumped forward waving for Nevarez to stop; another witness reached inside and removed the keys from the truck's ignition.

On August 2, 2013, Nevarez was charged with two felony counts. Count 1 charged a violation of Vehicle Code section 23153, subdivision (b); count 2 charged a violation of subdivision (a) of that same code section. It also was alleged that Nevarez personally inflicted great bodily injury within the meaning of section 12022.7,

---

[1] All further references to code sections are to the Penal Code unless otherwise specified.

2.

subdivision (a).  The public defender was appointed to represent Nevarez, who pled not guilty to all charges.

On October 29, 2013, Nevarez entered into a negotiated disposition.  The plea agreement provided that Nevarez plead no contest to the charge of violating Vehicle Code section 23153, subdivision (b) and the section 12022.7, subdivision (a) enhancement, in exchange for dismissal of the other count and a maximum "lid" of three years in state prison.

At the October 29 hearing, the trial court verified that Nevarez had read and reviewed the change of plea form with the assistance of his lawyer and the interpreter. Nevarez indicated he understood the terms and conditions of the plea, and defense counsel affirmatively stated that he believed Nevarez understood the terms and conditions.

The trial court reviewed Nevarez's constitutional rights and Nevarez affirmatively waived those rights.  The trial court also reviewed the immigration consequences of the plea and notified Nevarez that the plea would constitute a strike offense for purposes of the "Three Strikes" law and explained the future consequences of a plea to a strike offense; Nevarez acknowledged that he understood the consequences and had discussed the consequences with defense counsel.

At this point, the trial court notified Nevarez that the plea to the great bodily injury enhancement would make Nevarez statutorily ineligible for probation unless the trial court found unusual circumstances.  The trial court wanted Nevarez to understand that "the presumption is that on this plea you would be sentenced to state prison."  Nevarez was then asked if he understood this, and he responded affirmatively.

The trial court then proceeded to accept Nevarez's plea to the offense and his admission to the enhancement.  The trial court found that "this plea is freely and voluntarily entered and that [Nevarez] has knowingly, intelligently, and expressly waived all of his statutory and constitutional rights."

The probation report noted that the victim presently was in a wheelchair because of the pelvic fractures and would be starting physical therapy. Nevarez was clinically assessed to evaluate his alcohol use and amenability to treatment, and the assessment was included in the probation report. Nevarez had a "problematic pattern" of alcohol use "leading to clinically significant impairment" and "indicated a lack of insight on addiction." Nevarez was diagnosed as having moderate alcohol abuse disorder.

The probation officer noted that Nevarez did not have a prior criminal record, but denial of probation was recommended because Nevarez "was unwilling to admit his actions of drinking or driving are problematic." The probation officer opined that Nevarez was a risk to the community "since he is not prepared to address his reckless behavior." The probation report recommended imposition of the middle term of two years for the offense, plus a three-year consecutive term for the enhancement, for a total term of imprisonment of five years.

The sentencing hearing was held on April 30, 2014. Prior to imposing sentence, the trial court stated that it had considered the probation report, letters from Nevarez, a letter from the Crime Victim Assistance Center, the diagnostic report, and the mitigation statement filed by the defense. There was a lengthy discussion and argument regarding victim restitution.

The trial court stated its indicated sentence was to deny probation; impose the aggravated term of three years for the offense; and strike the punishment for the enhancement, as this factor was used as a factor in aggravation. The parties proceeded to argue their positions, with the defense urging a grant of probation and the People supporting the indicated sentence.

After hearing argument from both parties, the trial court proceeded to articulate the reasons for its sentence and proceeded to impose sentence. The trial court denied probation; imposed the aggravated term of three years for the substantive offense; struck the punishment for the enhancement, ordered victim restitution in the amount of

4.

$22,327.92; awarded 294 days of credit; and imposed various other fines and fees. The abstract of judgment that was filed, however, reflected an aggregate term of six years; three for the substantive offense and three for the enhancement.

A notice of appeal was filed May 22, 2014 and a certificate of probable cause was granted on May 28. On August 4, 2014, appellate counsel was appointed to represent Nevarez in this appeal. On September 4, 2014, appellate counsel notified the trial court of the error in the abstract of judgment and requested a corrected abstract be prepared and filed. On October 8, 2014, a corrected abstract was filed and disseminated to the appropriate authorities.

Appellate counsel filed a *Wende* brief on December 4, 2014. That same day, this court issued its letter notifying Nevarez he had the right to file a supplemental brief. No supplemental brief was filed.

## DISCUSSION

After securing a corrected abstract of judgement, appellate counsel filed a *Wende* brief; Nevarez did not file a supplemental brief. In requesting a certificate of probable cause, Nevarez alleged that the trial court failed to properly weigh and consider sentencing factors; failed to follow the probation report recommendation for the mitigated term; abused its discretion in denying probation and imposing the aggravated term; and failed to consider the holding of *Paroline v. United States* (2014) ___ U.S. ___, 134 S.Ct. 1710 in imposing restitution.

A trial court has broad discretion in weighing sentencing factors. (*People v. Evans* (1983) 141 Cal.App.3d 1019, 1022.) On appeal, we do not reweigh the sentencing factors. (*People v. Carmony* (2004) 33 Cal.4th 367, 379.) We review sentencing decisions under a deferential abuse of discretion standard. (*People v. Sandoval* (2007) 41 Cal.4th 825, 847.)

Nevarez had been told when he entered his no contest plea that "the presumption is that on this plea you would be sentenced to state prison." Nevarez was then asked if he

5.

understood this and he responded affirmatively. There is no abuse of discretion in the trial court's denial of probation. (*People v. Sandoval, supra,* 41 Cal.4th at p. 847.)

Additionally, here the probation officer recommended the mitigated term of two years with an additional three years for the enhancement, a total term of five years. The trial court instead imposed a sentence of three years in prison, which conformed to the plea agreement, by striking the imposition of punishment for the enhancement and using that as a factor in aggravation. A trial court has broad discretion in weighing sentencing factors. (*People v. Evans, supra,* 141 Cal.App.3d at p. 1022.) We do not reweigh the sentencing factors. (*People v. Carmony, supra,* 33 Cal.4th at p. 379.)

As for the failure to consider the holding of *Paroline v. United States*, *supra*, 134 S.Ct. 1710 in setting restitution, Nevarez failed to explain how this case is applicable. In *Paroline,* the U.S. Supreme Court addressed federal restitution statutes as they applied to child pornography cases. (*Id.* at pp. 1718–1719.) The U.S. Supreme Court concluded that the victim's losses had to be proximately caused by the defendant. (*Id.* at pp. 1721–1722.)

If Nevarez is contending that the victim's losses were not proximately caused by his actions, we emphatically reject that contention as unsupported by the record. The victim restitution represents medical bills for the victim and lost wages for the family member caring for the victim while the child recovered.

In sum, Nevarez was sentenced in accordance with his plea agreement and the record does not disclose any abuse of discretion by the trial court. After an independent review of the record, we find no reasonably arguable factual or legal issue exists.

## DISPOSITION

The judgment is affirmed.

6.