[No. C003741. Third Dist. May 30, 1989.]

THE PEOPLE, Plaintiff and Respondent, v.
MICHAEL DAVID SEWELL, Defendant and Appellant.

[Opinion certified for partial publication.*]

* Pursuant to California Rules of Court, rule 976.1, this opinion is certified for publication with the exception of parts I and II.

**1448**

COUNSEL

Richard L. Phillips and Linnea M. Johnson, under appointments by the Court of Appeal, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Steve White, Chief Assistant Attorney General, Garrett Beaumont and Shirley A. Nelson, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

**EVANS, Acting P. J.**—Pursuant to a plea bargain, defendant pled guilty to rape, sodomy, genital and anal penetration by foreign object, assault by means of force likely to produce great bodily injury, and burglary (Pen. Code, §§ 261, subd. (2), 286, subd. (c), 289, subd. (a), 245, subd. (a)(1), and 459, respectively); as a part of the bargain, an oral copulation charge was dismissed and the People agreed not to allege any enhancements based on defendant's prior prison terms or prior serious felony convictions.

Defendant was sentenced to the maximum term envisioned in the plea bargain, twenty-eight years; it was comprised of the upper term of four years for the assault, designated as the principal term, and upper terms of eight years each for the rape, the sodomy and the penetration with a foreign object, to run fully and consecutively to one another and to the principal term. The four-year midterm sentence for the burglary was stayed pursuant to Penal Code section 654.[1]

On appeal, defendant asserts (1) section 654 precludes the execution of sentence for the assault and the foreign object penetration, (2) the trial court committed *Belmontes*[2] error, and (3) section 1191.1, governing victim impact statements at sentencing, is unconstitutional. We affirm the judgment. Facts relevant to each of defendant's contentions will be set forth in the discussion.[3]

### I, II*

. . . . . . . . . . . . . . . . . . .

[1] All further references to sections are to the Penal Code unless otherwise indicated.
[2] *People v. Belmontes* (1983) 34 Cal.3d 335 [193 Cal.Rptr. 882, 667 P.2d 686].
[3] As defendant pled guilty, the facts are taken from the probation report.
* See footnote, *ante,* page 1447.

## III

■ Relying on the reasoning in *Booth* v. *Maryland* (1987) 482 U.S. 496 [96 L.Ed.2d 440, 107 S.Ct. 2529], defendant contends the compelled consideration of a victim's impact statement under section 1191.1 violates the Eighth Amendment to the United States Constitution.[5] We disagree.

In *Booth*, the high court proscribed a jury's use of victim impact statements in the "unique circumstance of a capital sentencing hearing" because such statements might divert the jury's attention from the relevant issues of a defendant's blameworthiness and the facts of the crime and lead to arbitrary decisionmaking violative of the Eighth Amendment. (482 U.S. at pp. 502-508 [96 L.Ed.2d at pp. 448-452].)

As asserted by the defendant, "[t]he task before this court is to determine whether the same considerations apply to sentencing by judges in noncapital cases." For the following reasons, we do not think the same considerations do apply.

A lay jury, with neither legal training nor sentencing experience, deciding whether a defendant should be put to death is certainly in a significantly different posture from a dispassionate jurist, with both legal training and sentencing experience, deciding whether a defendant should be put in a cell. Judges spend much of their professional lives separating the wheat from the chaff. These points were recognized in *Booth* when it stated that "[o]ur disapproval of victim impact statements at the sentencing phase of a capital case does not mean, . . . that this type of information will never be relevant in any context. . . . Facts about the victim and family . . . may be relevant in a noncapital criminal trial. . . . The trial judge, of course, continues to have the primary responsibility for deciding when this information is sufficiently relevant to some legitimate consideration to be admissible, and when its probative value outweighs any prejudicial effect;" and further when it stated that "death is a 'punishment different from all other sanctions' " and "therefore the considerations that inform the [capital] sentenc-

---

[5] Section 1191.1 provides in pertinent part: "The victim of any crime, or his or her parent or guardian if the victim is a minor, or the next of kin of the victim if the victim has died, has the right to attend all sentencing proceedings under this chapter and shall be given adequate notice by the probation officer of all sentencing proceedings concerning the person who committed the crime. [¶] The victim, or his or her parent or guardian if the victim is a minor, or next of kin has the right to appear, personally or by counsel, at the sentencing proceeding and to reasonably express his or her views concerning the crime, the person responsible, and the need for restitution. The court in imposing sentence shall consider the statements of victims, parents, or guardians, and next of kin made pursuant to this section and shall state on the record its conclusion concerning whether the person would pose a threat to public safety if granted probation."

ing decision may be different from those that might be relevant to other . . . punishment determinations." (482 U.S. at pp. 507-509 [96 L.Ed.2d at pp. 451-452, fns. 10, 12].) For all of these reasons, decisionmaking by lay juries in the capital sentencing context can in no way be analogized to the decisionmaking process in the noncapital sentencing arena.

Defendant's reliance on section 1191.1's language that the court "shall consider" the statements of victims in imposing sentence is of no avail. The dangerous uses to which a lay jury may put a victim impact statement are not present when the statement is submitted to a dispassionate judge trained in the law and experienced in sentencing.

Two recent California cases support our analysis by emphasizing *Booth's* focus on the unique properties of the capital sentencing proceeding. In *People* v. *Jennings* (1988) 46 Cal.3d 963 [251 Cal.Rptr. 278, 760 P.2d 475], the court cited *Booth's* holding and determined that since a capital jury may not consider victim impact statements, neither should a court in ruling on a section 190.4 motion to modify a capital jury's death sentence. (46 Cal.3d at p. 994.) *People* v. *Stringham* (1988) 206 Cal.App.3d 184 [253 Cal.Rptr. 484] noted that the *Booth* court took pains to limit its holding to capital cases and noted that Stringham's victim's next of kin did not address "the finder of fact at the sentencing phase of a capital trial." (206 Cal.App.3d at p. 199.) We find no Eighth Amendment constitutional infirmity in section 1191.1.

The judgment is affirmed.

Sims, J., and Marler, J., concurred.