Filed 1/30/14  P. v. Johnson CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D063259 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCS258692) |
| RODERICK JOHNSON, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of San Diego County, Kathleen M. Lewis, Judge.  Affirmed.

Laurel M. Nelson, under appointment by the Court of Appeal for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Melissa Mandel and Sabrina Y. Lane-Erwin, Deputy Attorneys General, for Plaintiff and Respondent.

Roderick Johnson pleaded guilty to corporal injury on his girlfriend resulting in a traumatic condition. The trial court sentenced him to the middle term of three years in prison. He appeals, contending his sentence should be reversed because: (1) the trial court improperly relied on the victim's unsworn statements at the sentencing hearing and to the probation officer; and (2) the trial court denied him his right to allocution and to present evidence on his own behalf. We reject these contentions and affirm the judgment.

FACTUAL AND PROCEDURAL BACKGROUND

In August 2012, Johnson and his girlfriend, Kimberly Stevens, were staying at a motel in San Ysidro. After an argument regarding financial matters, Johnson backed Stevens into a corner and placed a hot iron on her neck, resulting in a second degree burn. Stevens escaped and ran to the motel's office where she asked the staff to call the police.

Johnson was charged with one count of corporal injury to a spouse or cohabitant and one count of false imprisonment by violence, menace, fraud, or deceit. The court issued a criminal protective order requiring Johnson to stay away from Stevens and not to contact her.

At the preliminary hearing, Stevens testified regarding the August 2012 incident and stated there had been other occasions of domestic violence with Johnson. Stevens did not call the police on the other occasions because Johnson told her he would get out of jail and "whoop [her] ass again."

2

Johnson pleaded guilty to corporal injury on Stevens resulting in a traumatic condition. At the change of plea hearing, the district attorney told the court that Stevens reported that Johnson had violated the criminal protective order by calling her and sending her mail. Johnson denied the allegations. The court informed Johnson that he was subject to additional violations if he contacted Stevens and that it would significantly impact sentencing.

Stevens provided a victim impact letter, which was included in the probation report. She read a substantial portion of that letter to the court at Johnson's sentencing hearing. In her letter and statement to the court, Stevens recalled other incidents of domestic violence by Johnson against her, alluded to abuse of other women, and stated that Johnson had violated the protective order by writing to her and calling her.

The trial court considered the probation report at the sentencing hearing. The report included details from the probation officer's interview with Stevens. Stevens reported her fear of Johnson. She told the probation officer that Johnson had abused her in the past, in one instance strangled her, and threatened to kill her. She also stated that "[Johnson] was supposed to go to anger management for a case where he broke a girl's finger. He never did. Then he jumped on that woman again."

At the sentencing hearing, the trial court questioned Stevens regarding her allegations that Johnson violated the protective order. Stevens stated that Johnson had contacted her multiple times after the protective order was issued, but had not done so since he was warned at the readiness hearing.

3

The trial court found Johnson was presumptively ineligible for probation and sentenced him to the middle term of three years in prison. The court noted its concerns about the aggravated facts of the offense, Stevens's reports that Johnson had violated the protective order, and the ongoing history of domestic violence. The court also expressed concern that Johnson had told the probation officer that he still loved Stevens and wanted to be with her. At that point, Johnson interrupted the court and asked to speak. The trial court denied his request and continued to pronounce sentence.

The trial court stated the circumstances supporting a denial of probation, including that Johnson inflicted emotional and physical injury with permanent scarring, he had a significant prior criminal record, he appeared to have no remorse, and it is likely that he will be a danger to others if not imprisoned. As a mitigating factor, the court noted that Johnson remained law abiding for approximately nine years; however, there was a history of domestic violence during that period. As aggravating factors, the court stated that the crime involved the threat of great bodily harm and acts involving a high degree of cruelty, Johnson had engaged in violent conduct that indicates a serious danger to society, he violated the restraining order, and Stevens reported a history of domestic violence, which the court found credible. Accordingly, the court found that the circumstances in support of a denial of probation outweigh the circumstances in support of a grant of probation and sentenced him to the middle term of three years in prison.

DISCUSSION

I. *Victim's Unsworn Statements*

Johnson argues his sentence should be reversed because the trial court relied on Stevens's unsworn statements that he had a history of domestic violence against her and others and had violated the restraining order. We reject his arguments.

Penal Code section 1204 provides that circumstances in aggravation or mitigation of punishment "shall be presented by the testimony of witnesses examined in open court. . . . No affidavit or testimony, or representation of any kind, verbal or written, can be offered to or received by the court, or a judge thereof, in aggravation or mitigation of the punishment, except as provided in this and the preceding section." (Undesignated statutory references are to the Penal Code.) "[S]ection 1204 applies only to evidence of mitigating and aggravating factors, not generic victim statements." (*People v. Mockel* (1990) 226 Cal.App.3d 581, 588 (*Mockel*).) Thus, the sentencing court may "consider responsible out-of-court or unsworn statements concerning the circumstances of the crime and/or the characteristics of the defendant relative to sentencing." (*Id.* at p. 587.)

Here, the trial court noted aggravating factors, including that Johnson had violated the restraining order and Stevens reported a history of domestic violence, which the court found credible. Johnson did not object to the inclusion of Stevens's letter in the probation report or to her statement at the sentencing hearing. "[Johnson] was required to raise an objection to the statements at the hearing when the sentencing court could respond accordingly. Because no objection was made, [Johnson] has waived his right to complain

5

and may not raise the issue for the first time on appeal." (*Mockel*, *supra*, 226 Cal.App.3d at p. 587.) In any event, we reject Johnson's argument on the merits.

In regard to Stevens's statements that Johnson had committed other acts of domestic violence against her, the trial court's consideration of that information was not improper. While Stevens's victim impact letter and comments during the sentencing hearing may have been unsworn statements, she made the same allegations in sworn testimony during the preliminary hearing. Defense counsel had an opportunity and did cross-examine Stevens about the allegations. Thus, the court could properly consider the information.

As to Stevens's claims that Johnson had violated the restraining order, we find no error in the court's consideration of that information. The issue was first raised at the change of plea hearing. At that point, Johnson informed the court that he disputed the claims, stating that he had not contacted Stevens. Thus, the court was aware of his response to the allegations. The issue was subsequently raised in Stevens's letter and at the sentencing hearing. Stevens's statements about violations of the restraining order were unsworn; however, the court could receive and consider them because they were included in the probation report and thus fell within an exception to section 1204. (*Mockel*, *supra*, 226 Cal.App.3d at p. 588.) "They were submitted pursuant to a statutorily established procedure with proper procedural safeguards." (*Id.* at pp. 588-589.)

Similarly, we also reject Johnson's argument that the trial court improperly considered Stevens's allegation that he committed acts of domestic violence against other women. Stevens made a vague statement requesting the maximum sentence "[n]ot only for [her], but for the women that came before [her]." She also alleged that Johnson was supposed to go to anger management for breaking a girl's finger, but he never did. These statements were included in the probation officer's report and thus the trial court was permitted to consider them. (*Mockel*, *supra*, 226 Cal.App.3d at p. 588.) Accordingly, Johnson's argument has no merit.

Lastly, any error in the court's consideration of Stevens's unsworn statements was harmless. Even without Stevens's unsworn statements, there was sufficient admissible evidence supporting the court's imposition of the middle term and denial of probation. As the sentencing court noted, Johnson was presumptively ineligible for probation because he used a deadly weapon. (§ 1203, subd. (e)(2).) Additionally, the trial court properly noted that probation was not appropriate in this case because Johnson inflicted great physical and emotional injury on his victim, had a prior record of criminal conduct, lacked remorse, and was likely to be a danger to others if not imprisoned. (Cal. Rules of Court, rule 4.414.)

Under California's determinate sentencing law, where a penal statute provides for three possible terms for a particular offense, the sentencing court is required to impose the middle term unless it finds, by a preponderance of the evidence, that the circumstances in aggravation outweigh the circumstances in mitigation. (§ 1170, subd. (b).) Because this sentencing scheme requires selection of the middle term unless the

court finds aggravating or mitigating circumstances, the middle term is viewed as the sentence to which the defendant is presumptively entitled. (*People v. Avalos* (1996) 47 Cal.App.4th 1569, 1582-1583 ["midterm is statutorily presumed to be the appropriate term"].)

Johnson has failed to show that it was reasonably probable that a result more favorable to him would have been reached in the absence of the court's consideration of Stevens's unsworn statements. (*People v. Avalos* (1984) 37 Cal.3d 216, 233, citing *People v. Watson* (1956) 46 Cal.2d 818, 836.) He argues that a more favorable result was probable because, if given the opportunity, he would have contradicted Stevens's statements. Johnson, however, forfeited his right to testify in mitigation of punishment by failing to make that request before the court commenced imposing his sentence. (See *post*, pt. II.B.)

## II. *Right to Allocution and to Present Mitigating Evidence*

Johnson argues the trial court denied him his right to allocution and to present evidence contradicting Stevens's unsworn allegations, some of which contradicted her testimony at the preliminary hearing. We reject these arguments.

A. Allocution

Allocution is an old concept, which generally refers to the court's duty to inquire whether there is any reason why judgment should not be pronounced. (*People v. Evans* (2008) 44 Cal.4th 590, 592-593 (*Evans*).) The statutory allocution process in California does not provide an opportunity for the defendant to make a personal statement in mitigation of punishment. (*Id*. at pp. 597-598.) Rather, the right of allocution is limited.

8

A defendant may address only two things: insanity or good cause to arrest judgment or for a new trial. (§ 1201.)

Here, the trial court did not specifically inquire as to whether there was a reason why judgment should not be pronounced. However, after Stevens made her statement at the sentencing hearing, the trial court received arguments from the district attorney and defense counsel. Defense counsel never stated there was a reason as to why judgment should not be pronounced. Instead, he only argued for a lesser punishment. When "the defendant asks for lesser punishment, the defendant is not providing the court with reasons *not to pronounce judgment*; rather, the defendant is giving reasons why the court should *pronounce a more lenient sentence*." (*Evans*, *supra*, 44 Cal.4th at p. 597.)

Although the trial court did not expressly inquire whether there were reasons why judgment should not be pronounced, we find any error harmless because Johnson did not argue in the court below or on appeal that there were proper bases for judgment not to be pronounced. Specifically, he does not claim that he was insane or that there was good cause to arrest judgment or for a new trial. (§ 1201.) Rather, he claims the judgment was based on materially false information, namely Stevens's unsworn statements. This argument does not pertain to Johnson's right to allocution, but instead to his right to make a statement in mitigation of punishment.

B. Statement in Mitigation

A defendant in a noncapital case has a "right at sentencing to make a sworn personal statement in mitigation that is subject to cross-examination by the prosecution." (*Evans*, *supra*, 44 Cal.4th at p. 600, italics deleted.)  To the extent a defendant wishes to make a statement in mitigation of punishment, he or she must make that request before the court pronounces sentence.  (*Ibid.*)

Here, the court started to impose sentence by stating that Johnson was presumptively ineligible for probation.  It then went on to discuss the circumstances of the crime and its concern that Johnson still wants to be with Stevens.  It was only at that point that Johnson asked to speak.  Even assuming that this may be considered as a request to testify in mitigation of punishment, it was too late.  Johnson was required to make the request before the court started to pronounce his sentence.  (*Evans*, *supra*, 44 Cal.4th at p. 600.)

## DISPOSITION

The judgment is affirmed.

McINTYRE, J.

WE CONCUR:

BENKE, Acting P. J.

HALLER, J.

10