Filed 12/9/14  P. v. Velasquez CA1/5

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

<table>
<tr><td>

THE PEOPLE,

     Plaintiff and Respondent,

v.

EDGAR VELASQUEZ,

     Defendant and Appellant.

</td><td>

A138636

(Contra Costa County
Super. Ct. No. 05-121389-1)

</td></tr>
</table>

Appellant Edgar Velasquez appeals from a sentence imposed after his no contest plea.  We affirm.

BACKGROUND

In March 2013, appellant pled no contest to forcible oral copulation upon a child (Pen. Code, § 288a, subd. (c)(2)(B)), forcible lewd acts upon a child (Pen. Code, § 288, subd. (b)(1)), and four counts of lewd acts upon a child (Pen. Code, § 288, subd. (a)). The charges were based on multiple incidents in which appellant sexually molested the victim, Jane Doe.  The incidents took place approximately six years earlier, when appellant was around 17 years old and Doe was around 10 years old.

Appellant's plea did not specify a sentence.  At the time of his plea, appellant was informed the maximum aggregate sentence was 20 years imprisonment.

1

Jane Doe's father made a statement at the sentencing hearing.[1]  He spoke about other family members and friends who had been victims of sexual assault, and noted none of the perpetrators had been punished.  He also spoke about the impact of appellant's crimes on Jane Doe.  He stated she had tried to commit suicide a number of times as a result of the crimes.  He also presented the following statement from Jane Doe about the impact of the crime: "Since this incident I have been suffering from depression. I have trouble being around and getting along with people."

Appellant's lawyer urged the court to impose a sentence of six years, arguing in mitigation appellant was 17 at the time of the crimes, had since become employed and married, and was cooperative with the police.  The People asked for a sentence of eight years.

The court imposed an aggregate sentence of eight years.  The court provided the following statement of reasons: "One of the reasons this came to me with a reduced posture is I am also aware of the fact that many youth at the age of 17 make all sorts of mistakes in their lives and they don't grow and mature until they are pretty much in their mid 20's.  That was one of the factors that brought this from what originally was brought to me somewhat as a 12 year case to somewhere between six to eight years. . . . [¶] But I really did want to hear from the victim's family.  I wanted to know the impact.  The impression I had—and I don't blame the defense attorney, but the impression I had was that the victim was sympathetic to the defendant, didn't want to see him go to prison; and I almost got the sense that there was not the severe damage that he had caused. [¶] In listening to [the victim's father] it is clear—and should have been obvious to me even without the testimony—that a ten year old child—and she was a child—should never have been treated in this way.  And having that mark—when we speak of a 17 year old being youthful, a child that is hurt at ten is still wounded at 50. [¶] There is not a time in her life that she will forget this, that it won't mark her in some ways—in the way that she

---

[1]    The statement was made in Spanish and translated through a victim witness advocate from the district attorney's office.

relates to trusting others, particularly men; in the way she relates as a mother if she has a daughter. The way [the victim's father] spoke so poignantly about the wounds that he saw when he learned other women that he loved had been raped—and this child, even if she hears of a rape at 20, 30, or 40 will recall hers."

DISCUSSION

I. *The Sentence*

Appellant argues the trial court inappropriately based its discretionary sentencing decision on the victim's father's statements regarding other, unrelated sexual assaults. We disagree.

As an initial matter, appellant waived this argument by failing to object in the trial court. (*People v. Scott* (1994) 9 Cal.4th 331, 353 ["the waiver doctrine . . . appl[ies] to claims involving the trial court's failure to properly make or articulate its discretionary sentencing choices"].) Even if appellant had not waived this argument, we would reject it on the merits. The trial court's statements at the sentencing hearing indicate the court properly based its sentencing decision on the circumstances of appellant's crime, not on the other unrelated crimes the father spoke about. (See *People v. Mockel* (1990) 226 Cal.App.3d 581, 587 (*Mockel*) [finding no error in admission of victim's family's letters containing irrelevant information purportedly submitted "to invoke the emotion of the court" because "judges spend much of their professional lives separating the wheat from the chaff and have extensive experience in sentencing, along with the legal training necessary to determine an appropriate sentence"].)

In his reply brief, appellant argues for the first time the expected sentence at the beginning of the sentencing hearing was six years. This argument is forfeited. "[P]oints raised in the reply brief for the first time will not be considered, unless good reason is shown for failure to present them before"; appellant has demonstrated no such good reason. (*In re Marriage of Khera and Sameer* (2012) 206 Cal.App.4th 1467, 1478.) In any event, the record does not support appellant's contention. We decline appellant's invitation to speculate about what took place at unreported sidebars. Moreover, the trial court began the proceeding by stating its understanding the parties would provide the

3

court with "a sentencing range," and prefaced its statement of reasons noting the case was "originally brought to me somewhat as a 12 year case" but had become "somewhere between six to eight years." We do not find the record demonstrates the expected sentence was six years at the beginning of the sentencing hearing.[2]

II. *Ineffective Assistance of Counsel*

Appellant next contends his trial counsel was ineffective for failing to either request a continuance to investigate the father's statements or attempt to neutralize his statements through the presentation of information demonstrating bias, a motion to strike irrelevant portions of his statement, or cross-examination. We disagree.

For purposes of an ineffective assistance of counsel claim, "[p]rejudice is shown when there is a 'reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.' " (*In re Thomas* (2006) 37 Cal.4th 1249, 1256.) Appellant has not shown any reason to doubt the victim's father's statements about the impact of appellant's crime on Jane Doe. As shown above, this fact influenced the trial court's exercise of its sentencing discretion. Appellant has failed to demonstrate a reasonable probability that any investigation, cross-examination, or other conduct by trial counsel would have resulted in a different sentence.

Appellant also notes trial counsel advised appellant against making a statement at the sentencing hearing. The record indicates the statement appellant wished to make was to the victim's father. Trial counsel told the court: "[Appellant] has expressed his desire to make an apology statement. I told him that would have to come at a different time through writing or therapy. I didn't think it was an appropriate time for him to address the father. He would like to do so." Again, appellant has failed to show prejudice

---

[2]     During oral argument, appellant raised for the first time the contention that the sentence imposed should be reversed because it was result oriented. We treat this argument as forfeited. (*People v. Thompson* (2010) 49 Cal.4th 79, 110, fn. 13 ["Because counsel failed to raise this . . . argument in her briefs, to raise it at oral argument was improper."]; *Kinney v. Vaccari* (1980) 27 Cal.3d 348, 356, fn. 6 ["An appellate court is not required to consider any point made for the first time at oral argument, and it will be deemed waived"].)

resulting from any deficient performance. The trial court was aware of appellant's remorse. There is no basis to conclude the sentence would have been any different had appellant apologized to Jane Doe's father at the sentencing hearing.

## DISPOSITION

The judgment is affirmed.

_____

SIMONS, J.

We concur.

_____

JONES, P.J.

_____

NEEDHAM, J.