Filed 10/10/25  P. v. Marquez CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>SERGIO MARQUEZ,<br><br>    Defendant and Appellant. | H052943<br>(Monterey County<br>Super. Ct. No. 22CR009614) |

Sergio Marquez appeals from a judgment after pleading no contest to several counts of sexual assault against three minors and admitting three circumstances in aggravation.  The trial court sentenced Marquez to five years in prison and denied his request for custody credit based on the time he spent on GPS monitoring.  On appeal, Marquez's counsel has filed a brief which states the case but raises no issues, under *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).  We advised Marquez of his right to submit written argument on his own behalf within 30 days and he has not done so.  Having independently reviewed the record, we conclude there is no arguable issue on appeal.

## I.  BACKGROUND

The Monterey District Attorney charged Marquez with four sexual offenses against three minors:  sexual penetration by foreign object by force or fear, as to Jane

Doe 4 in 2005 (Pen. Code, § 289, subd. (a)(1); count 1);[1] oral copulation of a person under 18 (§ 288a, subd. (b)(1); count 2) and sexual penetration by foreign object of person under 18 (§ 289, subd. (h); count 3) as to Jane Doe 3 in 2012; and lewd act upon a child, as to Jane Doe 2 in 2021 (§ 288, subd. (c)(1); count 4). In connection with each count, the district attorney alleged three circumstances in aggravation: (1) the victims were particularly vulnerable, (2) the manner in which Marquez carried out the crimes indicated planning, sophistication, and professionalism, and (3) in committing the offenses, Marquez (then a teacher) took advantage of a position of trust or confidence. (Cal. Rules of Court, rule 4.421(a)(3), (8), & (11).) Marquez initially spent time in custody but later posted bail and remained out of custody on GPS monitoring until sentencing.

Marquez pleaded no contest as charged and admitted the circumstances in aggravation. Before taking the plea, the trial court indicated it would likely sentence Marquez to a term of imprisonment between four years four months and five years, noting that his maximum exposure was 10 years. The court admonished Marquez that he was pleading no contest to a strike offense and would be required to register as a sex offender for the rest of his life.

At sentencing, the court heard victim impact statements from Jane Doe 3 (named in counts 2 and 3) and Jane Doe 1—not named in the information—who told the court that Marquez sexually assaulted her when she was a student in his class but that the offenses were beyond the statute of limitations. Marquez did not object to Jane Doe 1's statement.

The court sentenced Marquez to an aggregate term of five years in prison: the low term of three years for count 1 (§ 289, subd. (a)(1)(A)) and eight months (one-third of the middle term) for each of counts 2, 3, and 4 (§§ 288a, subd. (b)(1), 289, subd. (h), 288,

---

[1] Undesignated statutory references are to the Penal Code.

subd. (c)(1)), all terms consecutive to the others.  In rejecting Marquez's argument that the eight-month terms for counts 2 and 3, both against Jane Doe 3, should be concurrent to each other, the court reasoned "that there were . . . multiple acts that were committed."[2]  The court ordered Marquez to register as a sex offender under section 290, entered a 10-year criminal protective order under section 136.2, imposed fines and fees, and reserved jurisdiction on the issue of restitution.

At a later hearing, the court heard arguments on whether Marquez was entitled to custody credits for the time he spent subject to GPS monitoring prior to sentencing.  The probation officer present at the hearing informed the court that during Marquez's period of GPS monitoring, he was neither confined to his home nor subject to any curfew or restrictions on his movements, other than to not be in the presence of minors under the age of 18 without another responsible adult present.  The court concluded that Marquez was not on home detention or its functional equivalent and thus was not entitled to pretrial custody credits.

Marquez timely appealed only "[t]he sentence or other matters occurring after the plea . . . that do not affect the validity of the plea."  (Cal. Rules of Court, rule 8.304(b)(2)(B).)

## II. DISCUSSION

Having independently reviewed the appellate record, we find no arguable issues. (*Wende, supra*, 25 Cal.3d at pp. 441–442.)  We considered the trial court's decision to permit Jane Doe 1, a person not described in section 1191.1, to give a victim impact statement.  Section 1191.1 "restricts the number of individuals a court *must* hear [at sentencing]; it does not restrict the number of individuals a court *may* hear," and the court is free to "exercise its discretion to hear and consider additional witnesses where

---

[2] Marquez in his sentencing memorandum conceded that his crimes against Jane Doe 3 occurred on separate occasions over a relatively "long[]term."

3

appropriate." (*People v. Mockel* (1990) 226 Cal.App.3d 581, 586.) In addition, a sentencing court may consider all reliable information " ' "relative to the circumstances of the crime and to the convicted person's life and characteristics." ' " (*People v. Zikorus* (1983) 150 Cal.App.3d 324, 331, 333.) Here, Jane Doe 1 described an experience of abuse that reflected the same aggravating circumstances that Marquez had admitted, only at a time earlier than the offenses of conviction. Her statement was thus relative to Marquez's characteristics, in that her account suggested that his exploitation of minors was of longer duration and more widespread than his convictions reflected. The court accordingly acted within its discretion in permitting her to speak.

We also considered the court's denial of pretrial custody credits for the time Marquez spent on GPS monitoring. Section 2900.5 provides that when a person has been in custody, including "days served in home detention pursuant to [sections] 1203.016 or 1203.018," that person shall receive credits for those days "upon his or her term of imprisonment." (§ 2900.5, subd. (a).) While section 1203.018, by its terms, apply only to those "being held in lieu of bail" (*id.*, subd. (a)), the court in *People v. Gerson* (2022) 80 Cal.App.5th 1067 (*Gerson*), extended the benefit of this provision to individuals, like Marquez, who are "subject to electronic monitoring while on bail" under equal protection principles. (*Id.* at p. 1089.)[3]

Marquez, however, is only entitled to custody credits if the terms of his release are as " 'custodial, or restraining' as a statutory home detention program pursuant to section 1203.018." (*Gerson, supra*, 80 Cal.App.5th at p. 1089; see also *People v. Anaya*

---

[3] "Section 1203.016 governs home detention postsentencing and section 1203.018 extends the same conditions and privileges to a home detention program prior to sentencing." (*Gerson, supra*, 80 Cal.App.5th at p. 1088.) While the trial court mistakenly referenced section 1203.016 in denying Marquez custody credits, this error did not adversely impact the correctness of the court's conclusion, because "[t]he conditions of electronic home detention under sections 1203.016 and 1203.018 are 'substantially similar.' " (*Gerson*, at p. 1088.)

(2007) 158 Cal.App.4th 608, 613, fn. 4 [explaining that "[t]he lynchpin for the receipt of custody credits is that one be 'in custody' "]; *People v. Brown* (2024) 108 Cal.App.5th Supp. 17, 21 [same].) And one of section 1203.018's conditions governing home detention requires the participant to "remain within the interior premises of the participant's residence during the hours designated by the correctional administrator." (*Id.*, subd. (d)(1).)

Here, the record indicates Marquez was not required to "remain within the interior premises of [his] . . . residence" (§ 1203.018, subd. (d)(1)), but was "able to go about his day without being restricted." He was also not subject to a curfew. Because the terms of Marquez's GPS monitoring were not custodial, the court did not err in denying his request for custody credits.

### III.    DISPOSITION

The judgment is affirmed.

_____
LIE, J.

WE CONCUR:


_____
GROVER, Acting P. J.



_____
WILSON, J.



*People v. Marquez*
H052943